(21 App. Div. 287.)

PALMER v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

LIFE INSURANCE—ABANDONMENT—RECOVERY OF PREMIUMS.

An insurer's assistant superintendent, knowing of the false statement in the insured's application that he was not afflicted with rheumatism, stated to the insured that his policy was not good, but that he had no doubt that the insurer would pay back the premiums. Insured did not tell him that the insurer's superintendent and agents knew his condition when the policy was issued, and had received premiums for five years (thereby making the policy valid). *Held,* that the insured could not recover the premiums he had

paid, as the assistant superintendent could not be held to have induced him to cease to pay premiums until he was informed of all the facts.

Appeal from trial term.

Action by William H. Palmer against the Metropolitan Life Insurance Company. From a judgment for plaintiff, and from an order denying its motion for new trial, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

J. W. Rayhill, for appellant.

J. S. Baker, for respondent.

PER CURIAM. This action is for the recovery of $60.75 premiums paid on a policy of life insurance between September 20, 1890, the date of the policy, and April 29, 1895. By the policy the plaintiff was insured for $125 for the benefit of his wife, in consideration of weekly payments of 25 cents during each week that the policy was in force. The plaintiff asserts that he discontinued his payments because the agents of the defendant informed him that nothing could be recovered under the policy if he was crippled with rheumatism when it was issued. It is established by undisputed evidence that when the policy was issued the plaintiff was crippled and disabled by the effects of rheumatism. The plaintiff so testified. Notwithstanding this fact, he signed an application for the policy, in which he stated that he was not then, and never had been, afflicted with rheumatism, which application was referred to in the policy, made a part thereof, and statements declared to be warranties; and that, in case the statements in the application were found untrue, the policy should be void. If the defendant had no knowledge of the plaintiff's physical condition except as derived from the application, the plaintiff perpetrated a fraud on the defendant, and has no right to recover the premiums paid thereon. If it be true, as the plaintiff testified, that when the policy was issued the defendant's superintendent and agents knew all about the plaintiff's physical condition, and received the premiums thereon for five years with full knowledge of his condition, the defendant would be estopped from asserting the falsity of the statement in the application as a defense, and the policy was valid, in which case the plaintiff could not cease to perform the contract on his part and recover for the premiums paid. To avoid the effect of these propositions, the plaintiff sought to show that shortly before he ceased to make the stipulated weekly payments he was induced to stop payment by the statement of defendant's agent that the policy was not valid. He testified:

"I said to him [the assistant superintendent], 'If I wasn't insured in this company, would you take me in the situation that I am, and insure me?' He says, 'No, I would not.' He says, 'It would be good for nothing if I did.' He says to me, 'Your policy isn't good.' Says he, 'But I have no doubt that the company will do what is right about it.' Says he, 'I have no doubt but what the company will pay back your money.'"

The plaintiff did not testify that he told the assistant superintendent that when the policy was issued the agent that took the application and delivered the policy knew all about the plaintiff's physical

condition, and that the agents who had received payments under the policy during the five years that the same had been in existence knew all about the plaintiff's physical condition. If the plaintiff had informed the defendant's assistant superintendent of all the facts, and then had induced the plaintiff to abandon payment on his policy by the statement that the defendant was not bound by it, some foundation might have been laid for a recovery of the premiums paid; but there is no such evidence in the case. It seems to us that the evidence contained in the record is insufficient to sustain a verdict that the plaintiff was entitled to a return of the premiums, the most of which he had voluntarily paid after he knew that the policy provided that persons in his condition were not insurable.

The judgment and order should be reversed, and a new trial ordered, with costs to abide the event.